## 38036. ROBINSON v. THE STATE.

JORDAN, Chief Justice.

James "Doc" Robinson was convicted in Paulding County for the murder of Earlene Chandler and was sentenced to life imprisonment. He appeals, contending that the trial court should have charged the law of voluntary manslaughter upon his timely written request, and that the trial court should have required the court reporter to read back during the trial the testimony of a sheriff's deputy during the Jackson-Denno hearing. We affirm.

1. A review of the defendant's evidence and the evidence as a whole convinces us that the trial court did not err by refusing to charge the law of voluntary manslaughter.

Joe Henry White testified that at Robinson's suggestion, he and Robinson drove to the victim's home during the afternoon of January 1, 1981. When they arrived, the victim was at home with her husband and others. Promising that she would return before midnight, the victim left with Robinson and White. White then drove Robinson and the victim to Robinson's home, where White let them out.

The victim was found dead that night at Robinsin's home. She had received four chop wounds to her neck, left thigh, and right hand. She also had four incisions on her upper chest and right thigh. Medical evidence indicated that she died of the chop wounds. Blood on an ax found in Robinson's home was consistent with a sample of the victim's blood, as was blood found on Robinson's shirt.

The victim also had been shot four times with a .22 caliber weapon. Ballistics evidence confirmed that the .22 bullet recovered from the victim's body, another bullet fragment recovered in the room, and the empty .22 cartridge casings found in the room all were fired from Robinson's .22 rifle.

A nearby neighbor heard three or four rapid gunshots at about 5:30 p.m. About two hours later, Robinson came over to the neighbor's home and reported, first, that when he waked up he found the body in his bedroom. He thereafter said he found the body when he returned from Douglasville.

Robinson, White and the victim had been drinking that day.

In pre-trial statements to the sheriff and his deputy, Robinson first claimed he found the body in his house after arriving home. Later, he told them he had shot the victim first in the leg and, when she did not fall, he shot her once more in the chest, after which she

fell. He told the officers that the circumstances leading to his shooting of the victim were that he started "playing around with her," then she got angry with him and started cursing him, then she grabbed his rifle from under his bed and shot at him. He told the sheriff that after she shot at him he grabbed the rifle from her and shot her twice.

During trial, Robinson denied having made those pre-trial statements, and testified that he found the body when he awoke. He swore he was "drunk and crazy" on January 1, 1981, but that he would not have killed the victim because "she was nice to me."

He relies upon cases such as *Henderson v. State,* 234 Ga. 827, 831 (2) (218 SE2d 612) (1971), for the proposition that although his testimony during trial that he did not kill the victim excluded voluntary manslaughter, the evidence as a whole did not. *Henderson* and similar cases are inapposite. There was no evidence whatsoever in the present case that Robinson killed the victim with an ax "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." Code Ann. § 26-1101. The only evidence which might tend to show "passion" resulting from "provocation" was the sheriff's and his deputy's testimony regarding Robinson's pre-trial statements indicating that Robinson shot the victim twice after she had shot at him. However, the ax wounds, not the bullet wounds, were established as the cause of death, and the physical and circumstantial evidence indicated without contradiction that Robinson had axed the victim to death. There was not the slightest evidence that the axings were committed during the requisite "passion" caused by the requisite "provocation." *Henderson v. State,* supra. The trial court did not err by refusing to charge the law of voluntary manslaughter.

2. During his examination before the jury, the sheriff's deputy testified that Robinson had said during his pre-trial statements that the victim shot at Robinson before Robinson shot the victim. On the previous day, during the Jackson-Denno hearing that determined the admissibility of Robinson's pre-trial statements, the deputy had indicated that Robinson had not told him the victim had shot first.

Insisting that the deputy had contradicted himself, defense counsel asked the court to ask the court reporter to read back the deputy's testimony from the Jackson-Denno hearing. The court denied the motion.

We find no abuse of discretion. See *Person v. State,* 235 Ga. 814, 816 (3) (221 SE2d 587) (1976). A reading of the transcript as a whole indicates that Robinson's statement that the victim shot first was made to the sheriff. Thus, the deputy's testimony during the trial that the statement was made by Robinson is not in contradiction of

the deputy's testimony during the Jackson-Denno hearing that Robinson did not make this statement *to him*. Furthermore, it is "highly probable" that Robinson was not harmed by the jury's hearing the deputy's testimony recounting the version of Robinson's pre-trial statements about the victim's having shot first. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*Lane & Sanders, Thomas C. Sanders,* for appellant.
*W. A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.