## 40482. WRIGHT v. THE STATE.
(316 SE2d 445)

BELL, Justice.

The appellant was convicted of the murder of Eric Boatwright and sentenced to life imprisonment. His motion for new trial was denied, and he now appeals.

About 4:30 a.m. on March 20, 1982, Eric Boatwright was found lying on his back in front of the entrance to the Lincoln Country Club Lounge, which is located on Simpson Street in Atlanta, about one hundred and fifty feet from the Lincoln Cemetery. He had been stabbed once in the chest, and his pants were unzipped and his genitals exposed. Dr. Randy Hanzlick, a medical examiner for Fulton County, performed the autopsy on Boatwright's body. He testified that the stab wound penetrated the heart, cutting one of the coronary arteries, thus causing Boatwright's death. Hanzlick testified that death was not instantaneous; that Boatwright could have run or walked a short distance after being stabbed; and that blood found on his pants and shoes indicated that he had in fact done so.

Boatwright's mother testified that on the afternoon of March 19, 1982, she had seen her son cleaning a white Eldorado he had rented from a friend named Johnny Woods. Boatwright's girl friend also testified that Boatwright was driving a white Eldorado when he came to visit her around midnight on March 19. Later that night Boatwright was seen at the Shangri-La Lounge, and Eunice Foster, a barmaid at the Shangri-La, testified that the appellant, a frequent visitor at the lounge, was there at about the same time. She stated that Boatwright

left the lounge about 3:00 a.m., and that a group of other people left shortly thereafter. Though unable to recall exactly when the appellant left, Foster testified that he usually left between 3:00 and 4:00 a.m., and that when the police came by the lounge about 5:00 a.m. that night, the appellant was not there. She also testified that the appellant was wearing white pants that evening.

Ms. Mattie Turner testified that during March 1982 the appellant lived with her at 350 New Jersey Avenue, around the corner from the Lincoln Cemetery and the Lincoln Country Club Lounge. She testified that during the time she had known the appellant, he went by the name "Alberta." Ms. Turner recalled that a man was killed in or near Lincoln Cemetery in 1982, and although she was unable to remember the date of that death, she knew that the appellant was living with her at that time. According to her, one night around the time of the killing, the appellant came home between midnight and daybreak carrying a knife which he wiped off with alcohol and gave to her. That night he told her he had stabbed a man in the Lincoln Cemetery, and several days later he told her he had picked up a man at the Shangri-La Lounge and had stabbed him because the man would not have sex with him. A knife later recovered by the police was identified by Turner as the one the appellant brought home on the night in question, and the medical examiner testified that the size of the knife's blade was consistent with the length and width of the stab wounds received by Boatwright.

Turner also implicated the appellant as driving, on the night of the murder, the white Eldorado Cadillac rented by the victim. She said that Wright was driving a big white car the night he came home with the knife, and, according to her, shortly after arriving home he left in the car and came back about twenty minutes later, saying that he had wrecked the car at the intersection of New Jersey and Detroit avenues. The Eldorado was discovered abandoned at that intersection about 8:15 a.m. on March 20, 1982. Turner also testified that on that same evening in March the appellant was dressed in white pants and a white shirt, and that a couple of days later she saw him trying to wipe off what he told her was blood from his white pants.

The state also presented evidence of a subsequent similar crime committed by the appellant. Clifford James, a taxi driver, testified that on April 2, 1982, about two weeks after Boatwright's murder, he picked up the appellant, who might have been wearing a wig, at the Shangri-La Lounge between 3:30 and 4:00 a.m. He said that the appellant asked him to drive him to the Simpson Wood Apartments, which are about one block from the Shangri-La and next to the Lincoln Cemetery. According to James, the appellant robbed him when they arrived at the apartment complex, and told him that he would kill him if he told anyone he had picked up the appellant or a "sissy"

at the Shangri-La. After robbing him, the appellant told him to continue driving and to turn right at the exit to the apartment complex. James said that, because turning right would have headed them in the direction of the Lincoln Cemetery, he grabbed a pistol he kept on the floorboard of the taxi, jumped out of the cab as he exited the apartment complex, and fired several shots into the cab at the robber, who escaped. James immediately contacted the police, who came to the scene and found blood in the cab. Later that same morning James went to the police station to file a robbery report. He said that while he was there, the detective interviewing him received a call concerning a suspect. He testified that the detective left him at the station, went to Grady Hospital where the suspect was, and then came back with some photographs. From the photographs James identified the appellant as his assailant.

1). In his fourth enumeration of error the appellant argues that the trial court erred in denying his motion for a directed verdict of acquittal. The appellant contends that this motion should have been granted because the evidence presented by the state was insufficient as a matter of law to authorize a conviction. We disagree, and hold that the trial court did not err in denying the appellant's motion for a directed verdict, as, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lee v. State*, 247 Ga. 411 (6) (276 SE2d 590) (1981); Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2). In his first enumeration of error the appellant argues that the trial court erred in admitting evidence of the appellant's armed robbery of Clifford James. We disagree.

To render evidence of other criminal acts of the defendant admissible, the state must show that the defendant was the perpetrator of the independent crime, and that there is a sufficient similarity or connection between the extrinsic offense and the crime charged such that proof of the former tends to prove the latter. *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983); *Walraven v. State*, 250 Ga. 401, 408 (297 SE2d 278) (1982); *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977). If these conditions are satisfied, evidence of the extrinsic offense may be admitted to prove, among other things, the defendant's identity, motive, intent, plan or scheme, and course of conduct. *Williams v. State*, supra at 755; *Walraven v. State*, supra at 408; *Hamilton v. State*, supra at 75.

In the instant case, the state clearly demonstrated that the appellant was the perpetrator of the crime committed upon Mr. James. Moreover, the state also proved that there was sufficient similarity between the independent crime involving James and the murder of

Boatwright. Both crimes occurred between 3:30 and 4:30 a.m.; the appellant met both of the victims at or immediately outside the Shangri-La Lounge; and, in one instance (the Boatwright murder), the appellant committed the crime in or near the Lincoln Cemetery, and in the other, the appellant attempted to direct the victim towards the cemetery before the victim escaped. Moreover, in both instances, the victims were robbed, James of money and Boatwright of a car. These similarities render evidence of the James crime admissible as relevant to the intent with which the appellant acted in committing the Boatwright crime. Thus the trial court did not err in admitting evidence of the James robbery.

3). In his second enumeration of error the appellant contends that a mistrial should have been granted because of statements made by Officer Harris, a prosecution witness, which the appellant claims improperly placed his character in issue. During the state's case, Harris testified that the appellant was a female impersonator known as Alberta, and that the appellant's arrest warrant was served on him at the Fulton County Jail on July 2, 1982.[1] Following this testimony, counsel for the appellant moved for a mistrial. The trial court overruled the motion and offered to instruct the jury to disregard the testimony; however, defense counsel declined the offer, asking that no curative instructions be given. The appellant urges as error the denial of his motion for mistrial.

The decision whether to grant or deny a motion for a mistrial lies within the sound discretion of the trial court, and will not be disturbed on appeal unless a mistrial is essential to preserve the right to a fair trial. *Williams v. State,* 251 Ga. 749, supra at (15); *Stanley v. State,* 250 Ga. 3 (2) (295 SE2d 315) (1982). We agree that the appellant's character was placed in issue by Officer Harris' testimony that he served the appellant's arrest warrant on him at the Fulton County Jail, as the clear implication of that testimony was that the appellant was residing at the jail due to a violation of the law. See *Stanley v. State,* 250 Ga. 3, supra at (1); *Brown v. State,* 118 Ga. App. 617 (1) (165 SE2d 185) (1968). However, "[s]ince defense counsel declined the trial court's offer to give curative instructions to the jury, appellant will not now be heard to complain." *Jones v. State,* 250 Ga. 166 (3) (296 SE2d 598) (1982). Moreover, the admission of this testimony, if error, was harmless, because of the strength of the evidence identifying the appellant as Boatwright's murderer, and because of the admission of the cumulative evidence of the appellant's commission of

---

[1] Although Harris did not specify why the appellant was in jail, previous testimony made it reasonably clear that he was being held for having allegedly committed the James robbery. See p. 2, supra. Moreover, the appellant acknowledges in his brief that he was in jail because of his arrest for the James robbery.

the James robbery and his subsequent arrest and jailing therefor. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

As for Harris' testimony concerning the appellant's status as a female impersonator known as Alberta, it did not warrant the grant of a mistrial, because unobjected to testimony to this effect had already been given by Mattie Turner. *Coffee v. State*, 230 Ga. 123 (3) (195 SE2d 897) (1973); *Clarke v. State*, 221 Ga. 206 (4) (144 SE2d 90) (1965); *Smith v. State*, 210 Ga. 713 (4) (82 SE2d 507) (1954); *Reed v. State*, 195 Ga. 842 (1) (25 SE2d 692) (1943).

For the above reasons, this enumeration of error is without merit.

4). In his third enumeration of error, the appellant argues that the trial court erred in refusing to give his requested charge on voluntary manslaughter. We disagree.

The appellant argues that the evidence indicated that the murder may have resulted from a fit of passion during a sexual encounter gone awry. OCGA § 16-5-2 (a). However, although there was evidence of a sexual encounter between the appellant and the victim, there was no evidence that the appellant "act[ed] solely as the result of a sudden, violent, and irresistible passion, resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ." OCGA § 16-5-2 (a). Therefore, the trial court did not err in failing to give the appellant's requested charge on voluntary manslaughter. *Veal v. State*, 250 Ga. 384 (1) (297 SE2d 485) (1982); *Robinson v. State*, 248 Ga. 627 (1) (284 SE2d 400) (1981); *Swett v. State*, 242 Ga. 228 (1) (248 SE2d 629) (1978).

*Judgment affirmed. All the Justices concur, except Hill, C. J., Marshall, P. J., and Smith, J., who dissent as to Division 2.*

DECIDED MAY 22, 1984.

*Amy Jean Griffith*, for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.*, for appellee.