## 42332. HALL v. THE STATE.
### (330 SE2d 878)

WELTNER, Justice.

Charles Jerome Hall was sentenced to life imprisonment for murdering Michael Patrick Duncan by shooting him with a handgun.[1]

The victim, Duncan, was in his automobile, awaiting delivery of marijuana which he was to purchase from Alvin McGee. McGee arrived with the marijuana to find Hall, pistol in hand, who stated that he was going to rob Duncan. McGee asked Hall not to rob Duncan, but Hall leaned toward the automobile and demanded Duncan's billfold. Duncan refused and started to drive away. Hall fired twice, killing Duncan.

Immediately thereafter, Gregory Kellum observed Hall walk quickly from behind Duncan's automobile, drop what appeared to be a small pistol, pick it up, place it in his left back pocket, and leave the scene. Kellum saw Hall holding Duncan's wallet. He told investigators that Hall was wearing jeans, a blue shirt and white shoes.

A police officer observed Hall wearing jeans, a blue shirt and white shoes, and asked him to state his name. Hall answered with an identity which the officer knew to be false, stating that he had no written identification. The officer arrested Hall and advised him of his *Miranda* rights, whereupon Hall told the officer, "You can't prove I shot that man." The officer had indicated neither the sex of the victim nor the type of weapon used in the homicide.

The autopsist testified that Duncan died of a gunshot wound to

---

[1] The offense was committed on July 28, 1983. The judgment of conviction was entered on June 14, 1984. A motion for new trial was filed on June 25, 1984, and denied on February 22, 1985, the transcript of evidence having been certified on January 9, 1985. The notice of appeal was filed on March 19, 1985. The case was docketed in this court on May 3, 1985, and was submitted for decision on June 14, 1985.

the chest, the projectile having passed through the left and right ventricles of the heart and through the right lobe of the liver.

The evidence was sufficient to sustain the conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hall contends that the court should have granted his motion for mistrial on the ground that the testimony of the witnesses Cochran and Bryant improperly put his character in evidence.

Mrs. Cochran testified that she had known Hall for some three and a half years; that she first learned his name when they went to court after he had assaulted her brother. Hall objected, the assistant district attorney withdrew the question, and the trial court rebuked the assistant district attorney for having asked the question. Hall stated that he was reserving the right to make a motion.

The event concerning the testimony of Mrs. Bryant occurred when the state asked her how she knew Hall, whereupon she replied, "From seeing him on the side of the street robbing and. . . ." Hall's objection cut her answer short. No ruling was made by the trial court.

During a recess, Hall moved for a mistrial solely on the basis of the testimony of Mrs. Cochran. The trial court denied the motion, cautioning the state regarding any further incidents. We find no abuse of discretion. *Wright v. State*, 253 Ga. 1, 4 (3) (316 SE2d 445) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1985.

*Kenneth D. Feldman*, for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior Attorney*, for appellee.