## S91A0588. KING v. THE STATE.
(407 SE2d 733)

FLETCHER, Justice.

King was found guilty of malice murder, aggravated assault, and possession of a deadly weapon while in the commission of a felony.[1] The evidence shows that King and Robert Shanks had been temporarily living with Sandra Collie; that King argued with both Shanks and Collie at various times on April 7, 1990; and that, during the early morning hours of April 8, 1990, King stabbed both Shanks and Collie with a butcher knife, wounding Collie and killing Shanks. He appeals and we reverse.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found King guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. King's first enumeration of error concerns the allowance of certain testimony which he contends improperly placed his character in evidence. Immediately after opening arguments, King's attorney made a motion in limine seeking to have the state instruct its first witness, Sandra Collie, not to mention that King had been in jail at some point in time. The state agreed to do so and informed the court that it would also instruct Collie not to mention King's concerns about his parole eligibility and about having his parole revoked.

During Collie's testimony, she related a conversation which she had with King on the evening of April 7 wherein King informed Collie that he could not trust Collie "[b]ecause you have been taking my pictures to the jail, showing them to the jailbirds down there, and that's incriminating me because you know I have already been in trouble." King's counsel unsuccessfully moved for a mistrial contending that Collie's statement improperly placed King's character in evidence.

King also contends that his character was improperly placed in evidence by the testimony of the next-to-last witness for the state, Detective Meadows. Meadows is a homicide detective with 17 years of experience with the Atlanta Police Department. Just before Meadows took the stand, King's attorney made a motion in limine concerning Meadows' upcoming testimony as to a statement he had taken from

---

[1] The crimes occurred on April 8, 1990 and King was indicted during the May Term, 1990 of the DeKalb County Grand Jury. He was found guilty and sentenced on August 3, 1990. A motion for new trial was filed on September 7, 1990 and was denied on October 31, 1990. A notice of appeal to the Court of Appeals was filed on November 30, 1990 and the case was docketed in that court on January 2, 1991. The Court of Appeals transferred the case to this court on January 24, 1991 and the case was docketed here on January 29, 1991. Oral arguments were heard on April 9, 1991.

King. The only portion of the statement which mentioned that King had previously been in jail was read to the court:

> Michael King admitted that he stabbed both Sandra Collie and Robert Shanks after an argument in reference to an allegation of untrue statements made by Robert Shanks. Michael King stated that Robert Shanks told someone about his jail term and the word got back to him.

The court indicated that Meadows should just say that "they had an argument over some statements made, without going into what the statements were." The district attorney turned to Meadows, who had been present during the entire discussion of the motion concerning his testimony, and asked Meadows:

> Do you understand that, sir? There is a sentence that says, "Michael King stated that Robert Shanks told someone about his jail term and the word got back to him." Just that they had an argument. Skip that sentence and go on to the next sentence. . . .

Meadows responded affirmatively.

After laying the foundation for King's statement, Meadows was asked to briefly relate the statement to the jury. Meadows' immediate response was:

> Michael King stated that he was staying with Sandra Collie because he had just recently got out of jail and didn't have a place to stay.

The defense objected immediately and the court asked the jury to disregard the statement. The defense then asked that a mistrial be granted and the court asked the jury to retire to the jury room. The defense argued that Meadows' action necessitated the grant of a mistrial because Meadows had been specifically warned not to mention that King had been in jail. The trial court refused to grant a mistrial but did reprimand Meadows outside of the presence of the jury.

The decision as to whether to grant or deny a motion for mistrial lies within the sound discretion of the trial court and will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial. *Wright v. State*, 253 Ga. 1 (316 SE2d 445) (1984). While the trial court acted within its discretion in refusing to grant a mistrial based upon the testimony of Sandra Collie, the objected to portion of Detective Meadows' testimony demanded the grant of a mistrial. The veteran officer had just been instructed by both the court and the prosecuting attorney not to go into specifics as

to the only portion of the defendant's statement which referred to the fact that the defendant had previously been in jail. The officer cannot be allowed to avoid the clear intent of those instructions by relating that same information to the jury in another fashion. Under these circumstances, it was error not to grant a mistrial.

3. We find King's remaining enumeration to be without merit.

*Judgment reversed. All the Justices concur, except Hunt, J., who dissents.*

HUNT, Justice, dissenting.

I respectfully dissent to Division 2 of the opinion and to the judgment of reversal. According to the majority, although the trial court acted within its discretion in denying a motion for mistrial upon the testimony of Sandra Collie concerning King's previous incarceration, such a denial was an abuse of discretion insofar as the same testimony of Detective Meadows was concerned. That is, because of the perceived arrogance of Detective Meadows, in circumventing the trial court's exclusion of this testimony, the trial court either abused its discretion in choosing inquiry of and instructions to the jury instead of mistrial, or the trial court simply had no discretion to exercise under these circumstances.

I disagree for three reasons. First, the trial court was extremely thorough in its instructions to the jury concerning this patently irrelevant (and marginally harmful) evidence and asked for and received a commitment from the jurors that this evidence would not interfere with their deliberations.

Second, King produced three good-character witnesses whose testimony inevitably yielded the very evidence King complains of, and would have whether or not the detective offered it. Even certified copies of the convictions which resulted in King's previous incarceration were produced by the state as a result of this character evidence.

Third, the evidence of King's guilt of *murder* as opposed to acquittal, or even to a lesser degree of homicide, was so overwhelming that it would not admit of any other verdict.

DECIDED SEPTEMBER 5, 1991.

*John A. Pickens, Douglas B. Ammar,* for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Thomas S. Clegg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.