A92A0980. CHAVOUS v. THE STATE.
(422 SE2d 327)

SOGNIER, Chief Judge.

Jesse Asa Chavous was convicted by a Richmond County jury of vehicular homicide, failure to obey traffic control devices, reckless driving, and fleeing or attempting to elude a police officer, and acquitted of driving with an expired license and without proof of insurance. He appeals from the denial of his motion for new trial.

The charges against appellant arose from a high-speed chase

through two counties on the evening of July 22, 1989. Columbia County Deputy Sheriff Tommy Haigwood observed appellant driving a yellow Ford at 78 mph in a 45 mph zone. When Haigwood pursued, appellant accelerated, at times weaving into the oncoming traffic lane. Two other deputies joined in the pursuit. As the caravan slowed near the intersection of Barton Chapel Road and Gordon Highway, appellant, followed by one deputy, ran the red light at the intersection and collided with the deputy's patrol car and another vehicle. Appellant and the State stipulated that appellant subsequently was found to have an alcohol concentration level of .17 grams and that the driver of the third vehicle died of injuries received in the collision.

1. Appellant first contends a fatal variance existed as to the reckless driving count because the State failed to prove he drove recklessly in the "2200 block of Barton Chapel Road" as alleged in the indictment. The State acknowledges that it proved only that appellant drove at excessive rates of speed on a number of public roads, including in the vicinity of Barton Chapel Road, but maintains that the referenced language in the indictment constituted mere surplusage.

A charge of reckless driving is established by proof that the defendant "[drove] any vehicle in reckless disregard for the safety of persons or property," OCGA § 40-6-390 (a), and this provision applies to "vehicles operated upon highways and elsewhere throughout the state." OCGA § 40-6-3 (a) (3). In *Russell v. State*, 174 Ga. App. 436 (1) (330 SE2d 175) (1985), which involved a defendant charged with DUI under OCGA § 40-6-391 (to which OCGA § 40-6-3 (a) (3) also applies), this court held that a variance between the location alleged in the indictment and that proved at trial was not fatal. " '(T)he provisions of (OCGA §§ 40-6-3 and 40-6-391) make it an offense to operate a motor vehicle under the influence of an intoxicant on the public highways and elsewhere in the State of Georgia. The exact location is not a material element of this offense and the (indictment) is sufficiently certain if it charges that the offense was committed in a particular county. [Cit.]' [Cits.]" Id. at 436-437 (1). We hold that this reasoning applies to a charge of reckless driving, and accordingly we find no reversible error.

2. In his other enumeration appellant maintains that the trial court erred by denying his motion for mistrial made after a prosecution witness violated the terms of a stipulation. Prior to appellant's trial, his counsel and the State agreed that in exchange for appellant's consent to stipulate as to his blood alcohol level and the cause of the victim's death, the State would not introduce evidence of prior similar transactions. When the State called Richmond County Deputy James Vowell as a witness, appellant's counsel requested the trial court to instruct the witness not to refer to appellant's status as a habitual

violator or otherwise to breach the stipulation.

The court, the witness, and both counsel then engaged in an extensive discussion outside the jury's presence, with the court attempting to ascertain whether Vowell could explain how he knew appellant was driving with an expired license without referring to the citations for prior offenses he found in appellant's car after the collision. After determining that Vowell could establish the State's case on that charge by testifying that he ran a computer check on appellant, the court agreed to permit the testimony, but admonished Vowell that he should limit his testimony to the fact that he ran a computer check on appellant and determined that appellant's license was expired. The jury returned to the courtroom, the prosecutor asked Vowell whether he determined that appellant had an expired driver's license, and Vowell responded that "[d]uring the course of the investigation, at the scene, while looking through [appellant's] car, I found some previous citations, which, in fact, were written by me." The court denied appellant's motion for mistrial but did instruct the jury to disregard the statement by Vowell.

We agree with appellant that this issue is controlled by the Supreme Court's recent decision in *King v. State*, 261 Ga. 534-536 (2) (407 SE2d 733) (1991), in which a law enforcement officer's failure to comply with a ruling precluding mention of the defendant's prior jail term required reversal of the denial of his motion for mistrial. Here, as in *King*, a veteran officer had just been instructed by the court not to mention certain evidence of the defendant's prior criminal behavior but then proceeded to testify as to the exact information precluded by the court's ruling. Id. at 535-536 (2). The State's contention that Vowell was confused by the court's instructions is not supported by the record. Indeed, Vowell expressly stated that he understood "what [the court and counsel] were looking for [i.e., that he had run a computer check on appellant]. That's just normal routine." Moreover, as in *King*, Vowell was present during and actively participated in the extensive discussion concerning the permissible scope of his testimony. Consequently, "[t]he officer cannot be allowed to avoid the clear intent of [the court's] instructions by relating that same information to the jury in another fashion. Under these circumstances, it was error not to grant a mistrial." Id. at 536 (2).

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1992.

*Peter D. Johnson*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas,*

*Katherine F. Bond, Assistant District Attorneys*, for appellee.