## S92A1159. KING v. THE STATE.
(421 SE2d 708)

HUNT, Justice.

Michael King stabbed Robert Lee Shanks and Sandra Collie with a butcher knife, killing Shanks and wounding Collie. King was convicted of felony murder, aggravated assault, and possession of a deadly weapon while in commission of a felony, and sentenced to life imprisonment for murder, and twenty and five years to serve consecutively on the remaining two counts.*

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S

---

* The defendant committed the crimes on April 8, 1990. The court reversed the defendant's original conviction. *King v. State,* 261 Ga. 534 (407 SE2d 733) (1991). The defendant was retried on January 27-29, 1992, and convicted of felony murder, two counts of aggravated assault, and possession of a knife during the commission of a felony. The trial court merged the convictions for felony murder and the underlying assault, and sentenced the defendant to life for murder, and additional sentences of twenty and five years on the remaining assault charge and possession charge. Defendant's motion for new trial, filed January 29, 1992, was denied on May 4, 1992. The court reporter certified the transcript on April 10, 1992. The defendant filed his notice of appeal on June 1, 1992. The case was docketed in this court on June 23, 1992, and orally argued on September 14, 1992.

307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no error requiring reversal in the defendant's remaining enumerations.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

BENHAM, Justice, concurring.

While I concur fully with the majority opinion, I am compelled to write separately to address the issue of professionalism of law enforcement officers when they appear as witnesses. In the first appearance of this case on appeal (*King v. State*, 261 Ga. 534 (2) (407 SE2d 733) (1991)), appellant's conviction was reversed because a police officer who had just been told not to go into specifics of a statement which referred to defendant's character, disregarded the court's instructions and did so anyway. On retrial, the officer avoided a direct reference to this prohibited testimony, but made an unsolicited reference to appellant's "past history." Though not a direct act of disobedience of the trial court's order, the reference gave the appearance of a deliberate effort to prejudice appellant.

Law enforcement officers have a tremendous responsibility. Not only must they lay their safety and lives on the line on a daily basis, they must also cope with burdensome paperwork, hostile and belligerent citizens, a slow and sometimes lethargic legal system, mounting caseloads, and unrealistic expectations by citizens. However, if the criminal justice system is to earn and maintain the respect of the public, the professionalism demanded of lawyers and judges must also be exhibited at all levels of law enforcement. It is not enough for police officers to adhere to the letter of the law while deliberately evading the spirit of the law.

To meet this responsibility law enforcement officers are better trained, better educated, and better equipped than at any time in this state's history. But education, training and equipment are not enough. They must also be armed with an abiding sense of professionalism.

In 1985, this court established a Commission on Professionalism to improve the image of the bench and bar by emphasizing a sense of honesty, trustworthiness, truthfulness, integrity, fairness and civility. Recently, in commenting on the need for professionalism, Chief Justice Clarke said, "Ethics is that which is required and professionalism is that which is expected." In stressing the need for professionalism among judges and lawyers, we in no way meant to exempt law enforcement officers from acting professionally in their appearances before the various courts of this state.

We have sought to raise the level of consciousness of all those who participate in court proceedings to encourage them to adhere to

principles of honesty, truthfulness, trustworthiness, integrity, fairness and civility. This goal cannot be accomplished if participants in court proceedings go all the way to the line of permissible conduct without crossing it. They must be willing to walk wide of error and impropriety and seek to abide by the letter and the spirit of the law.

In reversing this case in its first appearance before this court, we said, "[an] officer cannot be allowed to avoid the clear intent of [the court's] instructions by relating the same information to the jury in another fashion." Id. at 536. We still adhere to that principle, for to do otherwise would be to place expediency above fair play and fundamental fairness.

During the second trial of this case, the officer in question, a veteran with over 17 years of service, after having been made aware of the reason for the first reversal by this court, after having been counseled by members of the district attorney's staff about unsolicited character evidence, and after having been advised in open court by the assistant district attorney and by the judge not to give testimony as to certain matters, still chose to attempt to inject the issue of appellant's character by referring to his "past history." Such testimony, while not a violation of the court's order, is definitely a violation of the spirit of the court's order.

We recognize that in the heat of the battle we cannot expect law enforcement officers to be completely devoid of emotions. But we can and must expect them to act professionally in carrying out their duties as law enforcement officers. They must also realize that all of the evidentiary problems encountered in the courtroom cannot be solved by passing laws or issuing court orders. Somewhere and somehow, those who appear regularly as witnesses in court proceedings must exercise some voluntary restraint and self-regulation. And this can be done by emphasizing professionalism. This higher standard of conduct does not allow a witness to bend, break or ignore rules of fundamental fairness for the sake of expediency.

Because the officer's remark in the second prosecution referred only to "past history," and did not directly violate the court's order, I am reluctantly persuaded that no irreparable harm was done. Therefore, I join the majority opinion in affirming the trial court.

DECIDED OCTOBER 22, 1992.

*John A. Pickens, Douglas B. Ammar*, for appellant.
*Robert E. Wilson, District Attorney, Thomas S. Clegg, Barbara B. Conroy, Assistant District Attorneys, Michael J. Bowers, Attorney General, Robert D. McCullers, Staff Attorney*, for appellee.