## A93A1119. GAZAWAY v. THE STATE.
(436 SE2d 738)

ANDREWS, Judge.

David Michael Gazaway was tried and convicted of one count of armed robbery, four counts of burglary and one count of possession of a firearm during the commission of a crime. He filed a motion for new trial, claiming among other things, that his trial counsel was ineffective. The trial court denied the motion and he appeals.

1. In his first enumeration of error, Gazaway contends that the trial court erred in denying his motion for a new trial on the basis that his trial counsel was ineffective. "To establish ineffective assistance of counsel, [Gazaway] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Gross v. State,* 262 Ga. 232, 233 (1) (416 SE2d 284) (1992).

(a) Gazaway first argues that his trial counsel was ineffective in failing to object to an in-court identification of Gazaway when the procedures used for the pretrial identification were impermissibly suggestive. The testimony to which Gazaway refers was that of Franklin Feagin, one of the victims, who testified that he arrived home on June 11, 1991, and there was a white male with a handgun in his house. The man ordered Feagin to the master bedroom where he tied him up while he went through Feagin's belongings.

Feagin testified that he assisted the Rockdale County Sheriff's office in preparing a composite of the man who robbed him, and that the composite bore a striking resemblance to Gazaway. Feagin testified that he again identified Gazaway in the photo lineup. He stated that the police officers gave no indication as to which photograph he should select from the lineup and that he was certain that Gazaway was the perpetrator when he chose his photograph.

Gazaway argues that his attorney should have objected because Feagin "stated that the reason he recognized Gazaway was that the police officer told him that particular person in the picture was the suspect who came into his house." That sentence was inconsistent with the remainder of Feagin's testimony in which he stated that the police officers gave no indication of which photograph to select. Although Feagin made the above statement, he later clarified the sentence and stated that the officer told him this *after* the photo lineup.

We find no error in the trial court's denial of the motion for new trial on the basis of this claim of ineffective assistance of counsel. Gazaway's attorney did not act deficiently in failing to object to this testimony. Furthermore, there is no proof that this alleged deficiency prejudiced his defense.

(b) Next, Gazaway argues that his trial counsel was ineffective in failing to object to the admissibility of several pawn tickets which were introduced into evidence in that they were irrelevant and inad-

missible. Several pawn brokers testified at trial regarding receipts for various items which were signed by "David Gazaway." One of the pawn brokers testified in detail regarding Gazaway's appearance. Another of the pawn brokers took a picture of Gazaway with the stolen items.

There was no error in the trial court's denial of Gazaway's motion for new trial on this basis. The trial attorney's performance in not objecting to the admission of the pawn shop receipts was not deficient. Moreover, there is no proof that this alleged deficiency prejudiced his defense.

(c) Finally, Gazaway contends that his trial counsel was ineffective in failing to move for a mistrial following the police officer's interjection of his character into issue and failing to renew the motion after the judge's curative instructions. No motion in limine regarding Gazaway's prison record had been filed by defense counsel. The complained of incident occurred during the testimony of a Rockdale County investigator. He testified regarding speaking with a girl friend of Gazaway, who "stated that she had went with David approximately, I believe, a week after he had been released from prison." Gazaway's attorney objected to this testimony, the objection was sustained, and a conference was held outside the presence of the jury. At the conclusion of the conference, the judge instructed the jury to disregard the testimony.

Here, Gazaway argues that defense counsel's failure to move for a mistrial constituted ineffective assistance of counsel. We do not agree. At the hearing on Gazaway's motion for new trial, his trial counsel explained that her failure to renew the motion for mistrial was a strategic decision. She stated that she and Gazaway conferred as to whether or not to renew the motion for mistrial and reached a mutual decision that it would be to Gazaway's advantage to proceed with the trial. She explained that they reached this decision because of the fact that harmful fingerprint evidence linking Gazaway to the crimes had been excluded from evidence in that trial, but would be admissible in any subsequent trial.

Pretermitting the substantive issues involved in a motion for mistrial on this basis, see, e.g., *King v. State*, 261 Ga. 534 (2) (407 SE2d 733) (1991); *Chavous v. State*, 205 Ga. App. 455 (2) (422 SE2d 327) (1992) (in which testifying officers failed to comply with court orders barring certain testimony), we find no error. "Trial strategy and tactics do not equate with ineffective assistance of counsel. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. . . . [D]efendant made no affirmative showing that purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strat-

egy. . . . The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. The trial court's finding in the instant case is not clearly erroneous." (Citations and punctuation omitted.) *Nolan v. State*, 204 Ga. App. 170, 172 (419 SE2d 72) (1992).

2. In Gazaway's second enumeration of error, he contends that the trial court erred in failing to grant a new trial when Gazaway's character was put into issue by Officer Tucker's testimony. As stated above, defense counsel objected to the testimony and requested a hearing outside the presence of the jury. It is unclear whether any motion for mistrial was made during the unreported bench conference. In any case, after the argument, the trial court instructed the jury to disregard the testimony. At this point, defense counsel made no further objection and did not move for a mistrial.

As implicitly conceded by Gazaway's third argument in Division 1 above, this issue was waived by defense counsel's failure to move for a mistrial. "We do not reach the merits of the unsolicited interjection by the witness as to defendant's history of criminal behavior. The issue was not preserved for appellate review because following the curative instruction by the trial court, defendant failed to renew the motion for mistrial." *Tarver v. State*, 186 Ga. App. 905, 906 (2) (368 SE2d 828) (1988).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 14, 1993.

*Terry N. Massey*, for appellant.
*Cheryl F. Custer, District Attorney*, for appellee.