A07A0008. ARTEGA v. THE STATE.
(639 SE2d 634)

BLACKBURN, Presiding Judge.

Following a jury trial, Pablo Artega appeals his convictions of burglary, kidnapping, armed robbery, aggravated assault, aggravated sexual battery, and violation of the Georgia Controlled Substances Act. He contends that his Sixth Amendment right to a jury trial was violated because a juror, who was removed, was acquainted with three witnesses for the State. Holding that the matter was waived, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Artega] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Eady v. State.*[1] So viewed, the record shows that Artega forced his way into an apartment occupied by two adult females and four children. Threatening the women and the children with a knife, Artega demanded money and ordered the women to take off their clothes. He then touched the women's genitals with his fingers and forced them to look for money inside the apartment. After one of the women was able to secretly call 911, police responded to the scene and apprehended Artega, who had small amounts of cocaine in his pocket and in his wallet.

Artega was charged with three counts of burglary, two counts of kidnapping, one count of armed robbery, four counts of aggravated assault, two counts of aggravated sexual battery, and one count of

---

possession of a controlled substance. A jury convicted him on all counts, with four counts merging, and Artega was sentenced to serve forty years in prison. He now appeals from the denial of his motion for new trial.

Artega contends that the trial court violated his Sixth Amendment right to a jury trial by not sua sponte ordering a mistrial when a juror revealed that he knew three of the State's witnesses. We hold that the matter was waived.

Before the second day of Artega's three-day trial, a juror gave the trial judge a note explaining that he personally knew three witnesses for the State, one of whom was a "close family friend."[2] Upon reading the note to counsel, the judge called the juror in to interview him outside the presence of the jury. The juror explained that, from his work on the county fire and rescue squad, he personally knew a police officer and two detectives who testified for the State on the prior day. Based on this information, and at the request of Artega's counsel, the trial court excused the juror and ordered him not to discuss the matter with other jurors on his way out.

The record shows that Artega's counsel made no further objection or argument regarding the juror's prior involvement, but Artega now contends that the trial court erred by not sua sponte granting a mistrial. "A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct." *Holcomb v. State.*[3] Artega's counsel requested nothing more than removal of the juror, which request the trial court granted. Therefore, Artega has waived this issue for consideration on appeal. See *Freeland v. State.*[4]

Nevertheless, we note that even if Artega had not waived the matter, "in order for juror misconduct to upset a jury verdict, it must have been so prejudicial that the verdict is deemed inherently lacking in due process." (Punctuation omitted.) *Holcomb v. State,* supra, 268 Ga. at 103 (2). Here, the excused juror was not questioned about his familiarity with the witnesses during voir dire, so his selection for service on the panel was not a result of any concealment or misleading statements. Cf. *Falsetta v. State.*[5] Moreover, when questioned by the court, the juror explained that he could still follow "any instructions, go by the facts, and . . . deliver a decision that's fair and impartial based on what's given here. I just wanted to be up front." The trial court nevertheless excused him in an abundance of caution. Finally,

---

[2] Artega's counsel did not ask for such information during voir dire.

[3] *Holcomb v. State,* 268 Ga. 100, 103 (2) (485 SE2d 192) (1997).

[4] *Freeland v. State,* 223 Ga. App. 326, 327 (2) (477 SE2d 633) (1996).

[5] *Falsetta v. State,* 158 Ga. App. 392, 393 (1) (280 SE2d 411) (1981).

the juror explained that he approached the court with his concern, "of course with following the instructions not to disclose any of this information." There is nothing in the record showing that other jurors were otherwise made aware of the excused juror's relationship to the witnesses, and, because the excused juror was replaced by an alternate, he played no role in the verdict. We therefore discern no inherent lack of due process in Artega's trial and affirm the result reached. See *Inman v. State.*[6]

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 7, 2006.

*Carl P. Greenberg*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[6] *Inman v. State,* 281 Ga. 67, 74 (6) (635 SE2d 125) (2006).
[1] OCGA § 5-6-41 (c).