## A06A2484. LEE v. THE STATE.
### (644 SE2d 196)

PHIPPS, Judge.

Arthur Lee III was tried by a jury and convicted of robbery and obstruction of an officer. He claims that the evidence was insufficient to support his robbery conviction, that the trial court abused its discretion by denying his motion to sever his trial from that of his co-defendant,[1] and that he was denied a fair trial because of juror misconduct. We conclude that the evidence was sufficient to support Lee's robbery conviction, that the trial court did not abuse its discretion by denying Lee's motion to sever, and that Lee has waived his claim of juror misconduct. Therefore, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on October 12, 2001, at approximately 10:15 a.m., Georgia Ramatowski, manager of a drug store, was robbed as she was delivering a deposit to the bank. Ramatowski testified that she left the store with an off-white bag containing approximately $5,700 under her arm, and that she noticed a tan-colored truck backed into a parking space. She walked toward her car and was approached by a man wearing a dark hooded sweatshirt tied closely around his face. The man tried to take the bag of money and she pushed him off with her free hand; they struggled, and he finally pushed her to the ground and took the bag. Ramatowski testified that she was screaming loudly during the struggle. She then saw the tan truck exit the side driveway. Ramatowski testified that Randy Robertson, Lee's co-defendant, was the assistant manager of the store at the time of the robbery and that he was familiar with the routine of making the bank deposits. But she testified that Robertson was not the robber.

---

[1] The conviction of Lee's co-defendant, Randy Jerome Robertson, was affirmed in *Robertson v. State*, 277 Ga. App. 231 (626 SE2d 206) (2006).

Margarita Toledo and Vincent Lorusso were working across the street from the drug store on the day in question. Toledo heard someone screaming, came out of her office, and saw a woman outside the drug store "flinging back and forth and then fall to the ground." She saw a person wearing dark clothing, long sleeves, and a hood run and jump into a tan-colored truck, which was being driven by someone else. Toledo alerted Lorusso that someone was being robbed, and he came to the front door of their office. Lorusso saw someone wearing dark clothing and carrying a light-colored bag run across the parking lot and get into a tan pickup truck. Lorusso then flagged down a patrolling police officer.

John Sparks, an officer with the Smyrna Police Department, saw Lorusso waving his arms. Sparks stopped, and Lorusso told him that a lady had been robbed and pointed to the drug store. Lorusso also told him that the robber had fled in a champagne or tan Ford pickup truck. Sparks called in a report of the incident. He then located Ramatowski and tried to talk to her, but she was frantic, crying, and physically shaking. When Ramatowski finally calmed down, she described the incident to Sparks and told him that the robber was a black man wearing a black hooded pullover shirt.

Smyrna Police Officer Mitchell Plumb heard the call from Sparks about the robbery. About that time, he saw a tan truck, occupied by two black males, which matched part of the description he had been given, and followed it. Plumb observed the truck make a right turn from the wrong lane and noticed that the truck had no license plate. He then activated his blue lights and siren. The truck accelerated and sped through a shopping center parking lot, where a second officer joined the chase, and then drove back onto the street, traveling at 60 to 70 mph in a 35-mph zone. The truck proceeded through a school parking lot, where a third officer joined the chase, before it finally stopped at an apartment complex. The passenger ran from Plumb and was ultimately tackled by another officer. Plumb transported the passenger, identified as Lee, to the hospital for an injury to his hand. The driver, later identified as Robertson, surrendered to another officer involved in the chase.

A money bag was found in a bush near where the truck had stopped. A black hooded sweatshirt was found in the rear of the truck, underneath the spare tire. The truck was registered in Lee's name. Ramatowski was brought to the apartment complex where she identified the truck used in the robbery, the sweatshirt worn by the robber, and the money bag. She also went to the police station and gave a statement consistent with her testimony at trial.

Lee testified that on the morning of October 12, 2001, he went to pick up Robertson, his cousin, and that Robertson drove them to the drug store where he worked. Lee got out of the truck and went to a

convenience store next door to purchase ice cream. When he returned, he got into the truck and Robertson began driving erratically toward his apartment complex. When the truck finally stopped, Lee saw several police cars and ran because he was scared.

1. Lee claims that the evidence was insufficient to support his robbery conviction.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

(a) Lee argues that the evidence was insufficient to support his robbery conviction because Ramatowski was unable to identify him as the robber. However, there was ample evidence linking Lee to the crime, including the testimony of Ramatowski, Toledo, Lorusso, and several police officers, as well as the sweatshirt and money bag found in the truck registered to Lee. This evidence was sufficient to support Lee's robbery conviction.[3]

(b) Lee argues that his testimony that he was merely present after the robbery was uncontradicted, and that mere presence is not sufficient to support a conviction.

Although Lee correctly points out that mere presence after a crime is committed is not sufficient to support a conviction, evidence was presented that Lee was not merely present after the robbery. The jury was not required to accept Lee's version of the facts, but could find that the version presented by the state's witnesses was the true state of facts.[4] As long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's case, the jury's verdict will be upheld.[5] The record contains evidence from which the jury could conclude that Lee was the robber and that he jumped into the truck driven by Robertson after taking the money bag from Ramatowski.

2. Lee claims that the trial court abused its discretion by denying his motion to sever his trial from that of his co-defendant.

---

[2] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

[3] See *Holloway v. State*, 245 Ga. App. 510, 511-512 (1) (537 SE2d 708) (2000).

[4] *Balom v. State*, 245 Ga. 367, 368 (265 SE2d 21) (1980).

[5] *Johnson v. State*, 259 Ga. App. 452, 453 (2) (576 SE2d 911) (2003).

The grant or denial of a motion to sever is within the discretion of the trial court and absent an abuse of discretion, denial of a motion to sever is not grounds for reversal. The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process.[6]

Lee's motion to sever was argued prior to trial. He argued that severance was required because similar transaction evidence that the state intended to introduce against Robertson would also have a negative impact on his defense. The trial court later refused to admit the similar transaction evidence against Robertson.

Lee also argued that his motion to sever should have been granted because he might have wanted to call Robertson as a witness. To have his motion for severance granted to allow him to call his co-defendant as a witness, a defendant must demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed."[7] Before denying Lee's motion to sever, the trial judge specifically asked Lee's counsel if he could make these showings and he responded that he could not.

After the state rested, Lee changed his strategy and decided he wanted it known that Robertson had prior convictions. The trial court refused to let Lee testify that Robertson had a criminal record. Lee never asserted this as a basis for his motion to sever at trial.

We conclude that Lee has failed to show that the trial court abused its discretion by refusing to grant his motion for a separate trial.[8]

3. Lee claims that he was denied a fair trial as a result of juror misconduct. He argues that a juror's note to the court indicated that the jury was deliberating the case before the evidence was closed.

The note from the juror read, "Would it be possible for the jury to see an overhead map showing the door of [the drug store], the location of the tan truck, the location of the victim's car, and the escape route with street names. . . ." According to the bailiff, the note came from a juror who said he was confused. The trial court proposed that it write a note back to that juror, but Lee's counsel suggested a preliminary charge to all of the jurors to let them know that the evidence was still open and that they should keep an open mind. The court informed all

---

[6] *Stevens v. State*, 210 Ga. App. 355, 356 (2) (436 SE2d 82) (1993) (citation and punctuation omitted).

[7] *Avellaneda v. State*, 261 Ga. App. 83, 87 (581 SE2d 701) (2003) (citation and punctuation omitted).

[8] See *Stevens*, supra.

counsel what instruction would be given, and they all approved the instruction. Lee did not object after the instruction was given.

"A party may not complain on appeal of a ruling that he contributed to or acquiesced in by his own action, trial strategy, or conduct."[9] Lee's counsel requested nothing more than an instruction to the entire jury, which request the trial court granted. Therefore, Lee has waived this issue on appeal.[10]

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

## DECIDED MARCH 22, 2007.

*Romin V. Alavi*, for appellant.

*Patrick H. Head, District Attorney, Rose L. Wing, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

[9] *Artega v. State*, 282 Ga. App. 751, 752 (639 SE2d 634) (2006) (citation and punctuation omitted).

[10] See id.