## A07A1930. DOWELS v. THE STATE.
(657 SE2d 279)

MILLER, Judge.

A Mitchell County jury found Brenndon Dowels guilty of armed robbery, aggravated assault, burglary, and five counts of false imprisonment. Dowels appeals from his judgment of conviction and the trial court's order denying his motion for new trial, as amended. Dowels contends that the trial court erred in failing to conduct a thorough hearing with participation of Dowels' trial counsel after it came to the attention of the trial court that a juror had unauthorized contact with two prospective State witnesses and that certain jurors had discussed the case among themselves. Dowels also claims that he received ineffective assistance of trial counsel. For the reasons set forth below, we find no error and affirm.

The record shows that the jury was empaneled and heard opening arguments on the morning of the first day of trial. Before breaking for lunch, the trial court instructed jurors not to discuss the case with anyone. When the proceedings resumed, police investigator Robert Castro informed the trial judge in open court that a juror had approached Castro and Georgia Bureau of Investigation agent Wes Horne. According to Castro, who was not placed under oath, the juror, "asked us who he needed to talk to, that he had a problem with another jury member." Castro told the juror that they could not talk to him, but that they would "get him to the right person." Castro and Horne took the juror to a "Mr. Brown," apparently the bailiff, who would not talk with the juror. Castro and Horne then took the juror to the court clerk. Upon inquiry by the trial court, Castro represented that this was the extent of his conversation with the juror.

---

[19] (Footnote omitted.) *Boyt*, supra at 462 (2).

After hearing his statement, the trial court sent Castro back to the witness room and directed that the clerk be sworn as a witness. The clerk testified that the juror, who was subsequently identified as juror White, had informed the clerk that during a break jurors had discussed the case, particularly the charge of false imprisonment. Both Dowels' counsel and the prosecutor declined the trial court's invitation to question the clerk.

Juror White was brought into the courtroom. White, who was not sworn as a witness, indicated that a juror whose name he did not know, but "who has a red pin-striped shirt on, colored guy," knew certain details of the case, particularly "details of the duct tape and that kind of stuff." After determining that White had been referring to juror Robinson, Robinson was brought into the courtroom. Robinson, who was also not placed under oath, denied discussing the details of the case with the other jurors, and he denied any knowledge of the facts of the case. After Robinson was sent back to the jury room, the prosecutor commented that although there had been an improper conversation among jurors that there was no showing that jurors knew undisclosed facts in light of the information conveyed in opening arguments.[1] Defense counsel then expressed his concern as to Robinson's truthfulness in his statements to the trial court and moved to excuse Robinson. After the prosecutor joined in the motion to excuse, the trial court directed that Robinson be excused for cause. Horne subsequently testified as a witness for the State. Castro did not testify, although the prosecutor had previously designated him as a State's witness.

During the hearing on motion for new trial, two of Dowels' former co-defendants testified that Castro had entered the witness room during the trial. One of the co-defendants testified that Castro ordered him to give incriminating testimony against Dowels. The other co-defendant testified that Castro told him "to tell the truth, make sure I say I [saw Dowels] with a gun," but that he never saw Dowels with a gun. Dowels also established that following the trial Castro pled guilty and was sentenced as a first offender to first degree forgery, theft by deception, and insurance fraud, which crimes were not shown to be connected with Dowels' trial.

1. Dowels contends that after being alerted to juror impropriety, specifically the contact between juror White and the prospective State witnesses and discussion of the case among the jurors, the trial court was required under authority of *Remmer v. United States*, 347 U. S. 227 (74 SC 450, 98 LE2d 654) (1954) to hold a hearing with participation of trial counsel to determine the circumstances and the

---

[1] The duct tape was referenced in opening argument.

impact upon the jury, and that it was reversible error to fail to hold such a hearing. We disagree.

*Remmer* does not address procedures "to be followed by a trial judge when a question of jury bias is being investigated during a trial. . . . [I]n treating charges of jury misconduct, the trial judge is accorded broad discretion. We leave it to the trial court's discretion to decide the extent to which the parties may participate in questioning the witnesses." (Citations and punctuation omitted.) *Greer v. Thompson*, 281 Ga. 419, 420 (637 SE2d 698) (2006). In this case, in which the trial court was never reasonably apprised of conduct rising to the level of jury tampering, we find nothing improper in the trial court's subsequent investigation, which included in-court questioning of Castro, jurors White and Robinson, and examination of the clerk under oath. See *Ledford v. State*, 264 Ga. 60, 65 (9) (439 SE2d 917) (1994) (facts established that communication between spectator and juror was innocuous, notwithstanding that the spectator and juror were not sworn before answering questions of the court).

Dowels also contends that the trial court erred in denying his motion for new trial in light of the communication between juror White and two prospective State witnesses. Pretermitting whether the issue was waived by trial counsel's failure to move for a mistrial after becoming aware of the unauthorized contact (see *Lee v. State*, 284 Ga. App. 435, 439 (3) (644 SE2d 196) (2007); *Parker v. State*, 249 Ga. App. 509, 511 (2) (548 SE2d 475) (2001)), the trial court did not err in denying Dowels' new trial motion.

It is "the rule in Georgia . . . that, where an unauthorized communication to a juror occurs in a criminal case, there is a presumption of harm and the burden is on the State to show the lack thereof." (Citations and punctuation omitted.) *Greer v. Thompson*, supra, 281 Ga. at 421. We agree with Dowels that an unauthorized communication occurred when juror White talked with Castro and Horne. See *Clark v. State*, 153 Ga. App. 829, 830 (1) (266 SE2d 577) (1980) (during the trial, communication between juror and witness is error). However, "where the substance of the communication is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." (Punctuation and footnote omitted.) *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997). See also *Smith v. State*, 218 Ga. 216, 223 (2) (c) (126 SE2d 789) (1962) (irregularity without opportunity for injury will not require the grant of a new trial). There is nothing in the trial record or the hearing on motion for new trial, however, to show that Castro or Horne communicated anything to juror White other than (1) we cannot talk to you, and (2) we will find someone who can talk to you.

Although the composition of the jury as all-white is uncertain in the record,[2] Dowels argues that Castro and Horne may have conspired with juror White to remove juror Robinson because Robinson was the "only" African-American juror. He posits that juror White may have been improperly influenced by his gratitude to Castro and Horne for providing assistance. Dowels also claims that Castro may have attempted to unduly influence White in light of the evidence presented at the hearing on motion for new trial that Castro had been convicted of a crime of moral turpitude and the testimony of Dowels' co-defendants that Castro has tried to influence their testimony. But this is all a matter of speculation. Rather, "[t]here is not a scintilla of evidence that [Castro or Horne were] attempting to discuss the merits of the case or to wield any influence over the decision of the juror." *Clark v. State*, supra, 153 Ga. App. at 830 (1). Accordingly, the presumption of harm was rebutted. See *Henry v. State*, 265 Ga. 732, 738-739 (7) (a) (462 SE2d 737) (1995).

Nor can we conclude, as Dowels asserts, that the trial court committed reversible error by failing to question each of the 12 jurors. After hearing from Castro and the clerk, the trial court openly considered questioning the entire jury, but decided to interview White and Robinson separately in open court and then, after Robinson was dismissed, further instructed the jurors as to their duty not to talk about the case. Defense counsel had every opportunity to object to this procedure, but acquiesced at every stage, and thus Dowels has waived the issue. *Artega v. State*, 282 Ga. App. 751, 752 (639 SE2d 634) (2006).

2. Dowels argues that his trial counsel was ineffective in failing to request a *Remmer* hearing and in not moving for a mistrial based on the contact between juror White and the prospective State witnesses as well as the impropriety of jurors discussing the case among themselves in violation of the trial court's instructions. To prevail on this claim, Dowels must "show that counsel's performance was deficient and that, but for the deficient performance, a reasonable

---

[2] At the motion for new trial hearing, Dowels testified on direct examination that juror Robinson was the only African-American on the jury. On cross-examination, asked if the excusal of juror Robinson had left him with an all-white jury, he indicated that two African-American women had also been on the jury. Upon further questioning, however, Dowels testified that he believed a single African-American woman had been on the jury, but finally admitted that he was unsure as to the composition of the jury. In this regard, we note that the State has attached to its appellate brief the affidavit of the Clerk of Court below indicating that the jury was composed of "nine white males, one black male, one white female and one black female and the alternate was a white male." Inasmuch as such affidavit is unsupported by the record, we cannot consider it on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988).

probability exists that the trial would have ended differently." (Citation omitted.) *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005). "In making this showing, [Dowels] must rebut by clear and convincing evidence the strong presumption that his attorney was effective." (Citation omitted.) Id. Dowels did not call his trial counsel to testify at his hearing on motion for new trial, and without trial counsel's testimony "it is extremely difficult to overcome this presumption." (Citation and punctuation omitted.) Id.

No *Batson* issue arises in this case because juror Robinson had been duly seated as a juror. See *Batson v. Kentucky*, 476 U. S. 79, 93-94 (III) (B) (106 SC 1712, 90 LE2d 69) (1986) (at jury selection, requiring the State to explain its strike of an African-American juror as for a racially neutral reason). Neither did the circumstances of this case require the trial court to conduct a *Remmer* hearing, as above. Moreover, the proceedings below showed that the limited contact between juror White and the prospective State witnesses was not prejudicial to Dowels, and trial counsel could not have expected to prevail on a motion for mistrial on that account. "[F]ailure to pursue a futile motion does not constitute ineffective assistance." (Punctuation and footnote omitted.) *Rose v. State*, 263 Ga. App. 263, 264 (1) (b) (587 SE2d 326) (2003). Dowels' trial counsel heard the in-court statements relating to the discussions among the jurors and then chose to move to dismiss juror Robinson and not to move for a mistrial. As to these choices, "[Dowels] made no affirmative showing that purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." (Citation and punctuation omitted.) *Gazaway v. State*, 210 Ga. App. 540, 541 (1) (c) (436 SE2d 738) (1993). Accordingly, the trial court's finding that Dowels did not receive ineffective assistance of counsel was not clearly erroneous.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 29, 2008.

*Drew Findling, Alixe E. Steinmetz*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.